RILEY *v.* STATE

No. 43269        January 31, 1966        182 So. 2d 397

March 14, 1966        183 So. 2d 819

*John H. Doyle III, R. Jess Brown, Jack H. Young, Carsie H. Hall, Eddie Tucker, Richard E. Tuttle,* Jackson, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

INZER, J.

Petitioner, Ollie Riley, was convicted in the Circuit Court of Leake County on an indictment under Mississippi Laws of 1958 Chapter 281, Mississippi Code Annotated section 2412.5 (1956), and was sentenced to serve a term of two years in the Mississippi State Penitentiary. He appealed to this Court, and the case was affirmed on November 22, 1965.

He now has filed in this Court a motion which we consider as an application which states that it is filed pursuant to Mississippi Code Annotated section 1992.5 (1956), and he seeks leave to file a petition for the writ of error coram nobis in the trial court. The motion is both a motion and a brief of five pages in length. It does not comply with the requirements of the statute or the rules of proper pleading. The petition that is proposed to be filed in the trial court does not accompany the motion. Paragraph 2 of section 1992.5 provides:

> In all cases wherein a judgment of conviction in a criminal prosecution has been affirmed on appeal by the supreme court, no petition for the writ of error

coram nobis shall be allowed to be filed or entertained in the trial court unless and until the petition for the writ shall have first been presented to a quorum of the justices of the supreme court, convened for said purpose either in term time or in vacation, and an order granted allowing the filing of such petition in the trial court.

It is apparent that this paragraph provides that the petition proposed to be filed in the trial court be presented to this Court in order for this Court to determine from the same whether there would be sufficient probability that the result in the case would be changed by the filing of the petition in the trial court.

In order for us to expeditiously and intelligently pass upon applications for the writ of error coram nobis when presented to this Court, we have deemed it necessary and appropriate to adopt Rule 38 of this Court setting out the procedure for application for leave to file petition of writ of error coram nobis in the trial court. The rule adopted by this Court is as follows:

PROCEDURE FOR APPLICATION FOR LEAVE TO FILE PETITION FOR WRIT OF ERROR CORAM NOBIS UNDER MISSISSIPPI CODE ANNOTATED SECTION 1992.5.

Every application for leave to file in the lower court a petition for writ of error coram nobis shall have attached the original and two executed counterparts of the petition proposed to be filed in the lower court, which shall be sworn to by petitioner. Petitioner's affidavit shall designate specifically what facts, if any, alleged in the petition are within the personal knowledge of petitioner. When the petition contains allegations of fact not within the personal knowledge of petitioner, it shall have attached affidavit or affidavits of some other person or persons having knowledge of the facts which are not within the personal knowledge of petitioner. The failure to attach such

affidavits of persons other than petitioner may be excused upon good cause shown. The petition shall state when the facts relied upon for issuance of the writ came to petitioner's knowledge, and shall state sufficient facts to show that there was no want of reasonable diligence on the part of petitioner or his counsel. The petition shall be endorsed by a statement by petitioner's counsel, if any, that he believes the petition for a writ of error coram nobis is well taken, and should be issued. The application shall be supported by a brief, and failure to file a supporting brief may be ground for dismissal. In the event leave is granted to file the petition, the original and one executed counterpart of the petition shall be withdrawn and filed in the lower court.

██ █ For the reasons stated, the application for leave to file petition for writ of error coram nobis in the circuit court must be dismissed, but without prejudice to petitioner's right to file a corrected application in accordance with the statute and our rule herein set out.

Motion overruled and application dismissed without prejudice.

*Ethridge, C. J., Gillespie, Jones and Brady, JJ.,* concur.

BRADY, J.:

We have carefully reviewed appellant's application for leave to file a petition for writ of error coram nobis, the petition with supporting affidavits, together with an application for stay of execution of sentence, and the release of the appellant until such time as this Court has ruled on his petition for writ of error coram nobis or until final disposition of his petition.

██ █ We find that the appellant's application and affidavits recite sufficient requisite facts in compliance with the provisions of Mississippi Code Annotated section 1992.5 (1956), and related statutes, to justify and

require the granting of the application for an order permitting the filing of a petition for a writ of error coram nobis in the above syled and numbered cause.

It is therefore ordered that the appellant be and he is hereby permitted to file a petition for a writ of coram nobis in the Circuit Court of Leake County, Mississippi. When said writ has been duly filed in the Circuit Court of Leake County, Mississippi, then that court or the judge in vacation may also consider any application for stay of execution of sentence, and the release of the petitioner on bond.

Application for leave to file in trial court petition for writ of error coram nobis sustained.

All Justices concur.