ON PETITION FOR WRIT OF ERROR CORAM NOBIS
PATTERSON, Justice:
This cause came on for hearing on the pro se application of Linda Sue Brown, an inmate of Parchman, for an order permitting her to file a petition for writ of error coram nobis. The Attorney General responded thereto by a motion to dismiss without prejudice. He cites in support of this motion the case of Riley v. State, 254 Miss. 487, 182 So.2d 397, 183 So.2d 819 (1966), as well as Mississippi Supreme Court Rule 38. After consideration of the application and the motion in response, we are of the opinion that the latter motion should be sustained.
In Riley, a case such as this, where the petition that was proposed to be filed in the trial court did not accompany the motion to this Court, we stated the reasons for the adoption of Rule 38. They are:
In order for us to expeditiously and intelligently pass upon applications for the writ of error coram nobis when presented to this Court, we have deemed it necessary and appropriate to adopt Rule 38 of this Court setting out the procedure for application for leave to file petition of writ of error coram nobis in the trial court. . . . (254 Miss. at 489, 182 So.2d at 398).
We thereupon adopted this rule, a part of which follows:

Procedure For Application For Leave To File Petition For Writ Of Error Coram Nobis Under Mississippi Code Annotated Section 1992.5

Every application for leave to file in the lower court a petition for writ of error coram nobis shall have attached the original and two executed counterparts of the petition proposed to be filed in the lower court, which shall be sworn to by petitioner. . . . (254 Miss. at 489, 182 So.2d at 398).
We concluded by dismissing without prejudice, using this language:
For the reasons stated, the application for leave to file petition for writ of error coram nobis in the circuit court must be dismissed, but without prejudice to petitioner’s right to file a corrected application in accordance with the statute and our rule herein set out. (254 Miss. at 490, 182 So.2d at 398).
For the reasons stated in Riley, supra, under a present similar factual situation it is our opinion that the motion to dismiss should be sustained, but without prejudice to the applicant to file a corrected application in accord with Mississippi Code 1942 Annotated section 1992.5 (1956), and Rule 38 of this Court as set out in Riley, supra.
Dismissed without prejudice.
GILLESPIE, C. J., RODGERS, P. J., and INZER, SMITH, ROBERTSON and SUGG, JJ., concur.