358 So.2d 401 (1978)
Larry BAKER, Robert Coleman, Henry Gardner, Calvin Hartzog
v.
STATE of Mississippi.
No. 50240.
Supreme Court of Mississippi.
May 3, 1978.
*402 Henry Gardner, pro se.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
Before SUGG, WALKER and COFER, JJ.
WALKER, Justice, for the Court:
This is an appeal from an order overruling and dismissing a petition for writ of error coram nobis. The petition was filed in the Circuit Court of Jefferson Davis County. Without an evidentiary hearing, the court overruled the petition and dismissed it. On appeal, petitioners contend it was error to overrule the petition without conducting an evidentiary hearing.
We affirm the dismissal of the petition, but on different grounds than that of the trial judge.
In their petition appellants contend they were denied effective assistance of counsel when entering their plea of guilty to rape and that their guilty pleas were the product of duress and therefore involuntary. Specifically, they contend that prior to the plea they had all given written statements which were obtained by threats and use of force against them. Additionally they allege that their court-appointed attorney erroneously told them they would face the possibility of capital punishment if they elected to stand trial.
The record in this cause reveals that appellants were represented by counsel when entering their pleas of guilty, and the trial judge conducted a thorough examination of each defendant as to whether the pleas were knowingly and voluntarily given. Among other things, the trial judge specifically asked if the plea was free and voluntary, to which each defendant replied, "yes." He then asked if there had been any threats or abuse, to which all replied, "no."
In a like manner, the trial judge asked if the court-appointed attorneys had advised them of their rights and the significance of pleading guilty. They answered in the affirmative and went on to expressly state that they were satisfied with their legal representation.
When the petition for error coram nobis was considered by the trial court, the only evidence before the judge was the petition and the record made at the time the guilty pleas were taken. In his written opinion, the trial judge impliedly held that the record showed the pleas were voluntary and therefore were conclusive on petitioners.
Appellants contend that they should not be precluded from an evidentiary hearing based on the transcript of the guilty plea hearing alone. In an analogous though different situation, the United States Supreme Court held that federal courts may not adopt a per se rule prohibiting challenge to a guilty plea even though the transcript of the plea on its face shows a voluntary and knowing plea. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1976). That case, however, involved a guilty plea allegedly based on a plea bargain agreement which was not kept. Under that circumstance, the attack was not on the voluntariness or knowingness of the plea, but rather on the failure of the state to abide by its promise.
*403 We agree with the spirit of Blackledge, e.g., that there should not be a per se rule prohibiting collateral attack on a plea in all circumstances, simply because the transcript on its face reflects recitation of voluntariness and awareness of the consequence. On the other hand, we are mindful, as stated in Blackledge, that "Solemn declarations in open court carry a strong presumption of verity." The state, the defendant, and the judicial system all have a significant interest in the plea. For the defendant, if guilty, he can begin serving his sentence without facing the delay and agony of a futile trial. Time is conserved for the state prosecutor and an already crowded court system is spared an unnecessary burden. Balanced against these administrative interests of course is the interest of protecting constitutional rights, particularly in the criminal law area.
Because of these competing interests, we agree that a per se rule excluding collateral attack on pleas facially correct, is not warranted. On the other hand with the need for an end to litigation and conclusiveness of judgment at some point, we must severely limit the circumstance under which an apparently correct plea may be attacked. We have done this to a certain extent in prior cases. In Botts v. State, 210 So.2d 777 (Miss. 1968), we held that:
The burden of proof is upon the petitioner on an application for a writ of error coram nobis to establish to a reasonable probability facts upon which he relies for relief. Wheeler v. State, 219 Miss. 129, 155, 63 So.2d 517, 68 So.2d 868, 70 So.2d 82 (1954); 18 Am.Jur.2d Coram Nobis § 26 (1965).
Thus, it is at least clear the burden of proof is on the petitioner. The measure of proof required is that of a reasonable probability.
In the present case, petitioners allege they were under duress because they had previously signed a written statement under threats from law enforcement officials. Balanced against this allegation is that part of the plea transcript where defendants expressly denied to the court that they were under any duress to plead guilty. In such a situation the trial judge is confronted with sworn statements made in open court by an accused denying any duress on the one hand, while on the other hand, he has presented to him a petition, unsupported by affidavits of others, by the same person alleging that there was duress. We hold, that in such a situation, the petition fails to rise to the level of a reasonable probability as required by Botts, supra. In order to rise to the required level, the petition of defendants must have attached affidavits of other persons which demonstrate a reasonable probability that the latter allegation is true.
The same analysis, however, does not hold true as to appellants' second contention. If, as alleged, appellants pleaded guilty under the mistaken advice that they could be subject to capital punishment if convicted at trial, this then, is a factor which may make appropriate a collateral attack on the plea by way of a petition for error coram nobis. Such allegation, if true, indicates that defendants were not fully aware of the implications of their plea nor of the true consequences of a trial by jury. Such a circumstance, if properly pleaded and supported by sufficient facts, makes out a case where relief by petition for error coram nobis may be appropriate. See Dunn v. Reed, 309 So.2d 516 (Miss. 1975).
However, we note that such circumstance was not properly pleaded in the original petition for error coram nobis.
Mississippi Supreme Court Rule 38 requires that every application for leave to file in the lower court a petition for a writ of error coram nobis shall have attached to the petition a proposed copy of such petition to be filed "which shall be sworn to by petitioner." The rule also requires that the petitioner's affidavit "shall designate specifically what facts, if any, alleged in the petition are within the personal knowledge of petitioner." Finally, there is the requirement that facts alleged which are not within the personal knowledge of the petitioner must be supported by affidavits of other persons. While this latter requirement (affidavits *404 of other persons) may be excused, it is to be done so only on a showing of good cause. See Brown v. State, 275 So.2d 103 (Miss. 1973).
The requirements are not merely mechanical factors, but are based on necessary and sound reasoning. Under our law, the threshold question is whether the petition for error coram nobis makes out a case for relief. In all cases there has already been a conviction or an adjudication of guilty by plea. The remedy of error coram nobis is extraordinary and the effect if granted is to allow an additional evidentiary hearing which may result in a new trial. The procedures enunciated above are intended to insure that an additional and extraordinary evidentiary hearing with all the administrative expense and burden will not be mechanically granted, but rather only when justified.
We hold that the above procedures are a prerequisite to a lower court's granting an evidentiary hearing on a petition for error coram nobis.
In the present case, petitioners neither specifically set out those facts which were in their personal knowledge, nor did they swear to those facts which were alleged as being "within his [their] personal knowledge" as opposed to "on knowledge and belief." Further, there were no additional affidavits of other parties nor any cause shown why such could not be attached.
For purposes of clarification, we reiterate Supreme Court Rule 38 requiring, among other things, that before this Court or a lower court will entertain a petition for error coram nobis, the original petition must:
(1) Specifically and separately enumerate those facts within the personal knowledge of the petitioner;
(2) Those facts must be sworn to on personal knowledge by the petitioner;
(3) For any facts alleged not within the personal knowledge of the petitioner, the petition must state how or by whom these facts will be proven and include the affidavit of the witness who will so testify; and
(4) The above (affidavits of other persons) may be excused upon good cause shown, however the petition must set out in detail for consideration by the Court the alleged "good cause."
Because of petitioners' failure to follow the procedures of Mississippi Supreme Court Rule 38,[1] which we hereby hold to be a prerequisite to entertaining a petition for error coram nobis, the judgment of the circuit court dismissing the petition for writ of error coram nobis is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.

APPENDIX

MISSISSIPPI SUPREME COURT RULE 38
Every application for leave to file a petition for writ of error coram nobis in the lower court shall have attached thereto the original and two executed counterparts of the petition proposed to be filed in the lower court, which shall be sworn to by petitioner. Petitioner's affidavit shall designate specifically what facts, if any, alleged in the petition are within the personal knowledge of petitioner. When the petition contains allegations of fact not within the personal knowledge of petitioner, it shall have attached affidavit or affidavits of some other person or persons having knowledge of the facts which are not within the personal knowledge of petitioner. The failure to attach such affidavits of persons other than petitioner may be excused upon good cause shown. The petition shall state when the facts relied upon for issuance of the writ came to petitioner's knowledge, and shall state sufficient facts to show that there was no want of reasonable diligence on the part of petitioner or his counsel. The petition shall be endorsed by a statement by petitioner's counsel, if any, that he *405 believes the petition for writ of error coram nobis is well taken, and should be issued. The application shall be supported by a brief, and failure to file a supporting brief may be ground for dismissal. In the event leave is granted to file the petition, the original and one executed counterpart of the petition shall be withdrawn and filed in the lower court.
NOTES
[1] See appendix.