CHANDLER, J., for the court:
¶ 1. Appellant Howard Arthur Patrick pled guilty to two counts of exploitation of children in both state and federal court. The federal plea was entered on April 2, 1998, and the state plea was entered on February 2, 1999'. Patrick was sentenced to seventy-eight months by the federal court and eight years by the state court with the sentences to run concurrently. Patrick filed a motion for post-conviction collateral relief claiming that he received ineffective assistance of counsel and that the state conviction was barred by the doctrine of Double Jeopardy. The Circuit Court of DeSoto County found the motion to be without merit and dismissed it without an evidentiary hearing. On appeal from the dismissal of his motion, Patrick brings only the ineffective assistance of counsel claim. He alleges that he received ineffective assistance' of counsel when his attorney: 1) failed to discuss the case with him and failed to investigate the facts or discuss possible defenses, 2) failed to present mitigating evidence to the court, 3) permitted him to be sentenced in Mississippi before he was sentenced in federal court, 4) gave him erroneous information about the actual amount of time he would serve under the plea agreement, and 5) maintained an alleged business relationship with the prosecuting attorney.
¶ 2. Finding no error, we affirm.
' FACTS
¶ 3. Howard Patrick was indicted on federal and state charges for the sexual exploitation of children as a result of photographs Patrick took of two underage girls. On April 2, 1998, Patrick pled guilty to the crime charged in the United States District Court for the Western District of Tennessee. He was sentenced to seventy-eight months. Ten months later, on February 2, 1999, Patrick pled guilty to two counts of the same crime in the circuit court of DeSoto County, Mississippi. Patrick received fifteen years for each count. The court suspended the last seven years of count one pending Patrick’s future good behavior. The second count was suspended entirely. The state time was set to run concurrently with the federal time.
LAW AND ANALYSIS
¶ 4. Patrick argues on appeal that he was denied effective assistance of counsel during the state court proceedings. He alleges that his court appointed attorney never discussed the case with him, never conducted an investigation, never interviewed potential witnesses, and did not present mitigating evidence at the sentenc *1219 ing hearing. He also asserts that his attorney was deficient in his representation because he allowed him to be sentenced in state court before federal court and because he gave him erroneous information about the actual amount of time he would serve under the plea agreement. Patrick further contends that there was a business relationship between his attorney and the prosecutor.
¶ 5. Claims of ineffective assistance of counsel are judged by the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two-part test set out in Strickland is whether counsel’s performance was deficient and, if so, whether the deficiency prejudiced the defendant to the point that “our confidence in the correctness of the outcome is undermined.” Richardson v. State, 769 So.2d 230(¶ 10) (Miss.Ct.App.2000). This standard is also applicable to a guilty plea. Brooks v. State, 573 So.2d 1350, 1353 (Miss.1990). A strong but rebuttable presumption exists that “counsel’s conduct falls within a broad range of reasonable professional assistance.” McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). To overcome this presumption, the defendant must show that “but for” the deficiency a different result would have occurred. Strickland, 466 U.S. at 694, 104 S.Ct. 2052. To meet this burden of proof, Patrick was required to: “Specifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court would have been different.” Ford v. State, 708 So.2d 73(¶ 8) (Miss.1998) (citing Smith v. State, 434 So.2d 212, 219 (Miss.1983)). Patrick has failed to meet the above standard in reference to every allegation made.
¶ 6. Patrick’s claims that his attorney failed to investigate his case and to discuss his options with him are not supported by any competent evidence in the record. His bald assertion that counsel failed to investigate his case lacks the specificity required by Ford and makes it impossible for this Court to evaluate his claim of deficient performance. Also, the trial transcript reflects that the trial court questioned Patrick closely about his understanding of the proceedings. The court asked if he had fully discussed the case with his attorney and if he was satisfied with the advice rendered by his attorney; Patrick answered both questions in the affirmative.
¶ 7. The fact that counsel did not present mitigating evidence at the sentencing hearing does not indicate ineffective representation either. Patrick’s sentence was the result of a plea arrangement agreed upon prior to the sentencing hearing. Under the terms of the agreement Patrick was sentenced to spend only eight years in prison for crimes that carried a maximum penalty of forty years.
¶ 8. Patrick’s third claim for ineffective representation concerns the timing of the two sentencing hearings. Patrick claims that he received a heavier sentence in federal court because he was first sentenced in state court. He asserts that the state sentence was regarded as a prior conviction at the federal sentencing and earned him more time. This claim is without merit. Patrick’s sentence in federal court was the result of an agreed upon plea arrangement, just as in state court. Assuming the court was willing to accept the plea agreement, Patrick knew the amount of time he would be serving prior to the sentencing hearing. There is no indication in the record that this plea agreement was affected by the state sentence.
*1220 ¶ 9. Next, Patrick claims that his attorney was incompetent because he failed to explain the actual amount of time he would be serving under the plea agreement. The crux of this argument is Patrick’s contention that he was told by Ms attorney that the two sentences would “end very close together.” He asserts that he believed the difference in the terms would be made up by the difference in the sentencing dates and “good time.” At no time does Patrick allege that he was told by his attorney that he would receive “good time.”
¶ 10. Patrick’s claim that he was led to believe that he would receive “good time” is clearly controverted by the trial transcript. At the sentencing hearing, the court explained that Patrick would not receive parole and that he would not be guaranteed any “good time.” The judge went on to inform Patrick that he was not bound by the plea agreement and that he could sentence Patrick to a total of forty years and a $200,000 fíne. Patrick indicated that he understood this and still wanted to plead guilty. Although the trial judge should have informed Patrick that as a sex offender, he could not receive good time under Miss.Code Ann. § 47 — 5—139(l)(d) (Rev.2000), failure to do so was harmless error. In Smith v. State, 686 So.2d 1220, 1226 (Miss.1994), the Mississippi Supreme Court held that the harmless error doctrine should be applied when a defendant does not claim that the alleged misinformation induced the plea. Patrick has made no assertion that information given to him by the sentencing judge induced his plea. Indeed, how could it, when Patrick had agreed to a term of eight years some time prior to this hearing. It should be noted that this hearing of February 2, 1999, was the third scheduled by the State in an effort to accommodate Patrick in his attempt to ensure that his federal and state sentences would run concurrently.
¶ 11. Further, Patrick’s assertion that he agreed to the pleas because he was promised the two sentences would end closely together is also contradicted by the trial transcript. The trial judge asked Patrick if he had been promised anything in exchange for his plea. Patrick answered in the negative. The conversation between the sentencing judge and Patrick was as follows:
Q: Have you fully discussed all of the facts and circumstances surrounding your cases with your lawyer?
A: Yes, sir.
Q: Are you satisfied with the advice he’s given you?
A: Yes, sir.
Q: After a full discussion of your cases, was it your own decision to enter a plea of guilty?
A: Yes, sir.
Q: Has anyone promised you or offered you any reward trying to get you to plead guilty?
A: No, sir.
The trial court was justified in relying upon Patrick’s clear assertions in open court. In Richardson, the court noted that “[sjolemn declarations in open court carry a strong presumption of verity.” Richardson, 769 So.2d at 233 (¶ 6).
¶ 12. The trial judge also questioned Patrick closely concerning his knowledge of the maximum and minimum sentences of the crimes charged. The judge informed him that he could be sentenced to a maximum of twenty years for each count and a minimum of four years. Patrick entered a guilty plea with full knowledge of the maximum sentence. Because Patrick entered the guilty pleas with full knowledge of the maximum and minimum sentences, he must prove that he relied on erroneous advice from his counsel “to the point that the outcome of the *1221 case was changed.” Richardson, 769 So.2d at 235 (¶ 12). As in Richardson, Patrick was given the crucial opportunity to change his mind about his plea. Moreover, he testified that he was satisfied with the representation of his attorney. Id. “If [Patrick] expected a more lenient sentence, he should have questioned the sentence at the hearing instead of two years later.” Id. Further, the court stated that when the record shows that the trial court fully informed the defendant of the mandatory sentence and the defendant admitted to understanding the sentence, the defendant’s claimed expectation of a more lenient sentence is rebutted. Id.; Houston v. State, 461 So.2d 720, 722 (Miss.1984). In Roland v. State, 666 So.2d 747, 750 (Miss.1995), the court held that when the trial court questions the defendant and explains his rights and the effects and consequences of the plea on record, the plea is rendered voluntary despite advice given to the defendant by his attorney. Therefore, Patrick’s claim of ineffective assistance of counsel based upon erroneous information about the actual sentence is without merit.
¶ 13. Patrick’s last claim involves an alleged business relationship between his public defender and the prosecutor. Patrick contends that the prior business relationship created a conflict of interest that was prejudicial to his defense. In Smith v. State, 666 So.2d 810, 812-13 (Miss.1995), the Mississippi Supreme Court noted that where there is an actual conflict of interest, a showing of prejudice is generally not necessary. “Prejudice is presumed only if the defendant demonstrates that counsel ‘actively represented conflicting interests’ and that an ‘actual conflict of interest adversely affected his lawyer’s performance.’ ” Cabello v. State, 524 So.2d 313, 316 (Miss.1988). In this case, Patrick has made no such showing. Even if a prior business relationship existed between the defendant’s attorney and the prosecutor, the defendant has failed to prove that his attorney “actively represented conflicting interests” or “an actual conflict of interest adversely affected his performance.” Without proof that he was prejudiced by any prior representation between the two attorneys, this claim must also fail.
¶ 14. Patrick’s claims of ineffective assistance of counsel are wholly without merit. He has failed to meet the two-part test expounded in Strickland and he set forth no evidence to indicate that the result would have been different had his attorney acted in any other way during Patrick’s representation. He pled guilty to state and federal charges, acceptéd a plea agreement in both courts, and was adjudged to have made knowing and voluntary confessions in both courts. Therefore, the lower court’s dismissal of his motion for post-conviction collateral relief is affirmed in full.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. COSTS ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and BRANTLEY, JJ„ CONCUR.