837 So.2d 209 (2003)
Antonio READUS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CA-01182-COA.
Court of Appeals of Mississippi.
February 4, 2003.
*210 James D. Minor, Oxford, attorney for appellant.
Office of the Attorney General by: Scott Stuart, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS and CHANDLER, JJ.
CHANDLER, J., for the court.
¶ 1. Antonio Readus pled guilty to fourteen charges of burglary and attempted burglary contained in twelve indictments. Readus filed a motion for post-conviction relief (PCR) from the fourteen charges in the Circuit Court of Panola County. The PCR was summarily dismissed. Aggrieved, Readus has appealed to this Court arguing he was entitled to an evidentiary hearing because his motion and affidavits raised questions as to whether the guilty pleas were involuntary, whether counsel was ineffective, and whether the sentence was unconstitutionally disproportionate to the crime. Readus also requests that this Court consider this appeal as to all fourteen convictions.
¶ 2. Finding error, we reverse and remand for an evidentiary hearing to determine the merits of Readus' allegations of involuntary plea and ineffective assistance of counsel. We find the issue of proportionality to be without merit.

*211 FACTS
¶ 3. On January 10, 2000, an attorney with the Public Defender's Office was appointed as counsel for Readus. At some point, the attorney was notified that the State intended to call Readus to testify against his accomplice, Nathaniel Watson. On February 3, 2000, Readus refused the State's offer of twenty years' imprisonment, and instead filed a petition to enter open pleas of guilty to all burglary charges. The plea and sentencing hearing was held later the same day. The circuit court carefully questioned Readus to ascertain that the pleas were entered knowingly, intelligently, and voluntarily, and that Readus was satisfied with his counsel's performance. The court accepted the pleas, and imposed two consecutive twenty-five-year sentences and consecutive ten year suspended sentences on each of the other charges.
¶ 4. Readus hired new counsel for post-conviction proceedings and filed the PCR motion on March 15, 2001. Readus attached affidavits of himself and his mother in support of his issues of involuntary pleas and ineffective assistance of counsel. In pertinent part, Readus' affidavit averred:
3)That in these cases, I was advised to plead guilty by my lawyer;
4) That I advised him that I only committed two of the actual burglaries. He advised me that it didn't make a difference that I should plead on all of them and that I would only be sentenced on two;
5) As I understood, I would be sent to the "RID" [Regimented Inmate Discipline program] and ten (10) years on paper;
6) That if I had known the true effects of my plea, I would not have made it;
9) That I never discussed the specifics of any charges against me;
10) That I was not aware of what an open plea was. All I knew was that, I would get RID;
11) That I advised my mother prior to the hearing that I would get six months;
12) That I advised my trial counsel that I did not know what an open plea was;
13) I was advised by my lawyer, that if I went to trial that I would be given the max [maximum sentence];
16) That I did not talk to [the attorney] until the day before my plea, in a call from the county jail;
17) That I tried to call [the attorney's] office on three-way calls because I could not dial directly from the jail but my calls were not accepted;
18) That the first time I saw [the attorney] in person was February 3, 2000 when I saw him in Court for my plea;
19) That we talked in the holding tank for about ten (10) minutes prior to my plea.
¶ 5. Readus' mother's affidavit averred that she first spoke with the attorney the morning of the sentencing hearing in anticipation of her testimony. The affidavit stated that the attorney told her that Readus "would get about six years and he said something about papers after that."
¶ 6. Pursuant to Miss.Code Ann. § 99-39-9(2) (Rev.2000), which limits PCR review to one judgment, the circuit court considered the motion only as it related to the charge for which Readus is currently serving time. The court dismissed the motion without a hearing or discovery, finding that it plainly appeared from the motion and the contents of the court file that Readus was not entitled to any relief. Miss.Code Ann. § 99-39-11(2) (Rev.2000). *212 The court found that Readus' affidavit was belied by his sworn testimony at the sentencing hearing and, therefore, the statements in the affidavit were "a sham." The court stated that "Readus' mother's affidavit is no help to the [c]ourt."

LAW AND ANALYSIS

I. DID THE LOWER COURT ERRONEOUSLY CONSIDER THE PCR AS IT RELATED TO ONLY ONE OF THE FOURTEEN CHARGES?
¶ 7. Readus requests that this Court consider his PCR motion as to all fourteen guilty pleas. The circuit court found that § 99-39-9(2) required that it limit post-conviction review to only one of Readus' convictions. Mississippi Code Annotated § 99-39-9(2) (Rev.2000) limits PCR review to a single judgment, requiring a defendant to file one PCR motion per each challenged judgment. The circuit court would have properly limited PCR review to only one of the judgments if the fourteen convictions were contained in fourteen separate judgments. Id. However, no copy of any judgment was included in the record, so we are unable to resolve the question of whether the lower court correctly applied the statute. On remand, the lower court should restrict its review to the number of convictions contained within a single judgment.

II. SHOULD THE LOWER COURT HAVE GRANTED AN EVIDENTIARY HEARING TO DETERMINE WHETHER READUS' PLEA WAS INVOLUNTARY AND WHETHER HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 8. The lower court may summarily dismiss a PCR if "it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss.Code Ann. § 99-39-11(2) (Rev.2000). The procedural posture of an appeal from summary dismissal of a PCR "is analogous to that when a defendant in a civil action moves to dismiss for failure to state a claim." Young v. State, 731 So.2d 1120, 1122(¶ 6) (Miss.1999) (quoting Myers v. State, 583 So.2d 174, 175-76 (Miss. 1991)). "Thus, as in a 12(b)(6) dismissal, this Court reviews the record de novo to determine whether [the movant] has failed to demonstrate `a claim procedurally alive substantial[ly] showing denial of a state or federal right....'" Young, 731 So.2d at 1122(¶ 9) (quoting Myers, 583 So.2d at 176). "In other words, has [the movant] alleged facts which require further inquiry in the expanded setting of an evidentiary hearing?" Myers, 583 So.2d at 175 (quoting Billiot v. State, 515 So.2d 1234, 1236 (Miss.1987)).

1. Involuntary plea
¶ 9. A voluntary guilty plea "emanates from the defendant's informed consent." Myers v. State, 583 So.2d at 177. An allegation that the defendant pled guilty in response to counsel's mistaken advice may vitiate the plea, because it indicates the defendant may not have been fully aware of the consequences of the plea. Id. In his affidavit, Readus avers that his attorney told him that, if he pled guilty, he would be sentenced to "six months and ten years on paper" and that he would "get RID." He also avers his lawyer told him that if he proceeded to trial and was found guilty, he would receive the maximum sentence. Readus' mother's affidavit states that the attorney told her Readus would get "six years and then [the attorney] said something about papers after that." Readus contends the plea was involuntary because he would not have entered the plea had he "known the *213 true effects of the plea" instead of the misinformation provided by his attorney.
¶ 10. The circuit court found that Readus' affidavit was "a sham" because it was belied by the transcript of the plea hearing. Our review of the transcript reveals a facially correct guilty plea. The trial court thoroughly questioned Readus to ascertain voluntariness, and thoroughly advised Readus about the consequences of the plea, including the maximum sentence Readus could receive on each charge. Readus answered "yes, sir" or "no, sir" to each question, indicating the plea was voluntary.
¶ 11. This Court's inquiry into this matter continues despite Readus' facially correct plea. In Baker v. State, 358 So.2d 401, 403 (Miss.1978), our supreme court balanced the defendant's constitutional rights against the judicial system's interest in finality of pleas and held that "a per se rule excluding collateral attack on pleas facially correct, is not warranted." Id. Recognizing the presumption of verity attached to a defendant's solemn declarations in open court, the court further held that, to survive summary dismissal, a collateral attack on a facially correct plea must include supporting affidavits of other persons.[1]Id.
¶ 12. Though Baker was an appeal from the denial of a writ of error coram nobis, this principle is applied to summary dismissals of motions for post-conviction relief. See Young v. State, 731 So.2d 1120, 1123 (¶ 12) (Miss.1999); Marshall v. State, 680 So.2d 794, 795 (Miss.1996). In the case sub judice, Readus has fulfilled the requirement by attaching his mother's supporting affidavit. Thus, Readus may avoid summary dismissal if his PCR "has alleged facts which require further inquiry in the expanded setting of an evidentiary hearing." See Myers, 583 So.2d at 175.
¶ 13. In Myers, Myers appealed the summary dismissal of his PCR. Myers, 583 So.2d at 177. Myers pled guilty to aggravated assault and received sixteen years' imprisonment. Id. at 175. In his sworn complaint, Myers charged that the plea was involuntary because it was induced by misinformation provided by his attorney. Id. Specifically, Myers alleged that the attorney advised him that if he pled guilty he would receive a sentence of less than twelve years, but if he went to trial he would receive the maximum sentence of twenty-five years. Id. Myers attached affidavits of his mother and sister. Id. The mother's affidavit averred that she was present during the attorney's interview with Myers and that the attorney told Myers that if he pled guilty "the judge would give him less than twelve (12) years, but if he insisted on going to trial, he would get twenty-three (23) years." Id. The sister's affidavit averred that she was present at the interview and that the attorney told Myers that the plea hearing would result in a sentence of less than twelve years. Id. The court found that the promised sentence of "less than twelve years" was a firm representation of a lesser sentence. The court found that Myers' PCR sufficiently stated a claim for relief from an involuntary plea and, thus, could not be dismissed on its face. Id. at 178.
¶ 14. Readus' case parallels Myers. As in Myers, Readus averred that he entered the guilty plea because of the attorney's *214 representation of a lesser sentence than what he actually received. As in Myers, Readus submitted his mother's affidavit supporting the conclusion that the attorney instilled an expectation of a lighter sentence. We find that Readus' PCR was sufficient to withstand summary dismissal. Additionally, we find that the discrepancy in the affidavits of Readus and his mother regarding the promised length of sentence is troublesome but does not invalidate the entirety of the documents. Readus stated that the lawyer promised "six months" and "that he would be sent to the RID and ten years on paper" and his mother stated that the lawyer said "six years and then said something about papers after that." Both affidavits aver that Readus' lawyer instilled an expectation of a far more lenient sentence than Readus actually received.
¶ 15. No other factors erode our conclusion. There is no indication that Readus has pursued post-conviction relief in order to abuse the justice system. See Roland v. State, 666 So.2d 747, 750 (Miss.1995). At the time of the plea hearing, Readus was a twenty-one year old first offender and inexperienced with the system. Id. Also, Readus has promptly filed the PCR motion, which is consistent with an expectation of a more lenient sentence. Patrick v. State, 815 So.2d 1216, 1221 (¶ 12) (Miss. Ct.App.2001).
¶ 16. We express no view on the merits of Readus' PCR other than to hold that it may not be summarily dismissed. We note that, in challenging the plea, Readus risks the possibility of increased criminal liability from an unfavorable jury verdict if a hearing is granted and the hearing results in a new trial. Taylor v. State, 682 So.2d 359, 361 (Miss.1996). Additionally, Readus could face a separate prosecution for perjury because his contention in the affidavit that his plea was involuntary contradicts his sworn statements in the circuit court. Id.; Myers, 583 So.2d at 178.

2. Ineffective Assistance of Counsel
¶ 17. Claims of ineffective assistance of counsel must be made with specificity. Patrick v. State, 815 So.2d 1216, 1219(¶ 5) (Miss.Ct.App.2001). The two-part test from Strickland v. Washington applies to a claim for reversal of a guilty plea. Harris v. State, 806 So.2d 1127, 1130 (¶ 10) (Miss.2002) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To meet the standard, the defendant must show 1) that counsel's performance was deficient, and 2) that the deficiency prejudiced the defendant. Id. There is a strong but rebuttable presumption that counsel's performance was reasonable. Id. To overcome the presumption, the defendant must show that but for counsel's deficiency, a different result would have occurred. Id. The reviewing court must examine the totality of the circumstances. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶ 18. Readus' affidavits allege his attorney's errors with specificity. Patrick, 815 So.2d at (¶ 5). Readus alleges that his lawyer misrepresented the lengths of the sentences that would be imposed for a guilty plea and after trial. This contention is grounds for showing deficient performance under Strickland. See Harris, 806 So.2d at (¶ 11). To show prejudice, Readus must prove that he would never have pled guilty but for the deficient advice. Id. See also Smith v. State, 636 So.2d 1220, 1224 (Miss.1994). This is exactly the allegation Readus makes on PCR. Readus contends that he would not have pled guilty if he had known the actual consequences of his plea rather than the misinformation provided by his attorney. Counsel's alleged deficiency was not "cured" by the plea colloquy because the erroneous *215 advice was not directly contradicted by the lower court's questioning. See Harris, 806 So.2d at (¶ 13). Thus, we find that Readus' PCR states a claim of ineffective assistance of counsel and requires an evidentiary hearing.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY OF DISMISSAL OF POST-CONVICTION RELIEF IS REVERSED AND REMANDED FOR AN EVIDENTIARY HEARING ON THE ISSUES OF INVOLUNTARY PLEA AND INEFFECTIVE ASSISTANCE OF COUNSEL. COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.
NOTES
[1] A PCR is not properly dismissed under Miss.Code Ann. § 99-39-9 solely because the defendant has not submitted supporting affidavits. Ford v. State, 708 So.2d 73, 75 (¶ 11) (Miss.1998). But, a PCR may be dismissed for lack of supporting affidavits when the defendant's affidavit contradicts his earlier sworn statements, that is, when the defendant attempts to impeach the trial transcript with a new sworn statement that he was lying during the earlier testimony. Young v. State, 731 So.2d 1120, 1123 (¶ 12) (Miss.1999).