949 So.2d 872 (2007)
Rickey JONES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00469-COA.
Court of Appeals of Mississippi.
February 20, 2007.
Rickey Jones, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before LEE, P.J., BARNES and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On September 13, 2004, Rickey Jones pled guilty in the Madison County Circuit Court to three counts of armed robbery. Jones was then sentenced to served three concurrent thirty year sentences with twelve years suspended and eighteen years to serve in the custody of the Mississippi Department of Corrections. On January 27, 2006, Jones filed a motion for post-conviction relief alleging that his guilty plea was not voluntary and that his trial counsel was ineffective. The trial court dismissed Jones's petition. Jones now appeals to this Court asserting that *873 the trial court erred in dismissing his motion for post-conviction relief.

STANDARD OF REVIEW
¶ 2. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).

DISCUSSION
I. DID THE TRIAL COURT ERR IN DENYING JONES'S MOTION FOR RELIEF?
¶ 3. In his sole issue on appeal Jones argues that the trial court erred in denying his motion for post-conviction relief. Specifically, Jones claims that his plea was entered into involuntarily and his attorney was ineffective. According to Mississippi Code Annotated Section 99-39-11(2) (Rev.2000) a lower court may summarily dismiss a motion for post-conviction relief if "it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief. . . ." It is well settled that solemn declarations in court carry a strong presumption of verity. Gable v. State, 748 So.2d 703, 706 (¶ 11) (Miss.1999). This presumption has been held to apply to plea petitions. See Ward v. State, 879 So.2d 452 (Miss.Ct.App.2003). To survive summary dismissal, a collateral attack on a facially correct plea must include supporting affidavits of other persons. Baker v. State, 358 So.2d 401, 403 (Miss.1978). Furthermore, Jones must allege "facts which require further inquiry in the expanded setting of an evidentiary hearing." Myers v. State, 583 So.2d 174, 175 (Miss. 1991).
¶ 4. Jones states that his trial attorney, Ken McNees,[1] informed him that he had spoken to both the trial judge and the district attorney concerning Jones's plea agreement. McNees told Jones that they had agreed to a sentence of twenty years with eight suspended and twelve to serve. Jones also avers that McNees told him that if he proceeded to trial and was found guilty, he would be sentenced to life. Jones claims that McNees told him to say "no" when the trial court asked him if he had been promised or induced to enter a guilty plea, otherwise the trial court would not accept his guilty plea. Jones's mother was present during this conversation and her affidavit supporting Jones's contention is attached to the record.
¶ 5. However, although the plea colloquy is not included in the record, a copy of a petition to enter guilty plea signed by Jones states that Jones understood his rights, the maximum and minimum sentence, and was pleased with McNees's representation. Jones does state that the recommendation by the district attorney was written in the petition as twenty years with eight suspended and twelve to serve, but was later changed to reflect the actual sentence Jones received. After reviewing the petition, it is clear that some of the numbers were changed but it is unclear when they were changed, by whom they were changed or what the numbers were prior to the change.
¶ 6. Jones relies upon Readus v. State, 837 So.2d 209 (Miss.Ct.App.2003), wherein this Court reversed and remanded for an evidentiary hearing to determine the merits of Readus's allegations of involuntary plea and ineffective assistance of counsel. *874 Readus claimed that he pled guilty because of his trial counsel's promise of a lesser sentence than what he received. Readus submitted his mother's affidavit supporting Readus's claim that he expected a more lenient sentence. Id. at 214 (¶ 14). See also Myers, 583 So.2d at 178.
¶ 7. For the foregoing reasons we find that Jones's post-conviction relief motion was sufficient to withstand dismissal and we reverse and remand for an evidentiary hearing.
¶ 8. For Jones to successfully prove ineffective assistance of counsel, he must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As Jones's claim of ineffective assistance of counsel is directly related to whether Jones in fact entered his plea voluntarily or involuntarily, we also find that this issue requires an evidentiary hearing.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY OF DISMISSAL OF THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED AND REMANDED FOR AN EVIDENTIARY HEARING ON THE ISSUES OF INVOLUNTARY PLEA AND INEFFECTIVE ASSISTANCE OF COUNSEL. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] We take judicial notice that Mr. McNees passed away on February 20, 2005.