CARLTON, J.,
dissenting in part:
¶ 55. I respectfully dissent in part from the majority’s opinion. I would affirm the circuit court’s summary dismissal of Ferrell’s PCR motion. After reviewing the record, I find that the affidavits Ferrell submitted are insufficient to establish his claim that his guilty plea was involuntary because his attorney misinformed him that he would be eligible for parole on his two enhanced counts. See Burrough v. State, 9 So.3d 368, 375 (¶¶ 24-25) (Miss.2009); Thomas v. State, 881 So.2d 912, 917-18 (¶ 16) (Miss.Ct.App.2004). Therefore, I dissent from the majority’s opinion with respect to this issue.
¶ 56. In Mills v. State, 986 So.2d 345, 350-51 (¶¶ 14-15) (Miss.Ct.App.20Ó8), this Court affirmed the circuit court’s summary dismissal of the defendant’s PCR motion. The defendant in Mills claimed that his attorney misinformed him regarding the maximum sentence he would receive if he pled guilty. Id. at 347 (¶ 7). Although the defendant’s motion included a supporting affidavit from his sister, the affidavit reflected that the defendant’s sister was not present when the defendant’s attorney allegedly gave him the erroneous advice. Id. at 352 (¶ 22) (King, C.J., dissenting). Cf. Myers v. State, 583 So.2d 174, 177-78 (Miss.1991) (finding that the affiants asserted they were present with the defendant when he allegedly received erroneous advice from his attorney); Readus v. State, 837 So.2d 209, 211-14 (¶¶ 5, 14) (Miss.Ct. App.2003) (finding that the defendant’s mother met with the defendant’s attorney at the plea hearing and that the trial court’s plea-colloquy questions failed to cure the attorney’s allegedly erroneous advice).
¶ 57. After reviewing the record in the present case, as well as applicable Mississippi precedent, I find that the affidavits Ferrell submitted are insufficient to support his claim that his guilty plea was involuntary due to erroneous advice from his attorney. As reflected in the record, neither supporting affidavit states that the affiant was actually present with Ferrell when his attorney allegedly misinformed him regarding his parole eligibility. As a result, I would affirm the circuit court’s judgment summarily dismissing this claim. I therefore respectfully dissent from the majority’s opinion with respect to this issue.
BARNES, J., JOINS THIS OPINION IN PART.