# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01493-COA

**HOWARD HAYS A/K/A HOWARD THURMAN HAYS, JR. A/K/A HOWARD HAYES, JR.**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

DATE OF JUDGMENT:               07/11/2019
TRIAL JUDGE:                    HON. MARGARET CAREY-McCRAY
COURT FROM WHICH APPEALED:      LEFLORE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         HOWARD HAYS (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: LAUREN GABRIELLE CANTRELL
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 01/26/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.     Howard Hays appeals from the Leflore County Circuit Court's denial of his third motion for post-conviction collateral relief (PCR).  Finding no error, we affirm.

### FACTS

¶2.     This Court has previously summarized the procedural history of Hays's relevant convictions and filings as follows:

> In 2015, Howard Hays pled guilty to one count of commercial burglary (Count I) and one count of auto theft (Count II).  The circuit court sentenced Hays to serve seven years, day for day, as a non-violent habitual offender for Count I and five years, day for day, as a non-violent habitual offender for Count II. The circuit court also ordered that Hays's sentences run consecutively.

In March 2016, Hays filed his first PCR motion in the circuit court, asserting (1) ineffective assistance of counsel, (2) failure to provide a timely initial appearance, (3) that the State unlawfully detained him for more than 180 days without a formal charge, and (4) that the State charged him with grand larceny based upon an affidavit for petit larceny. In July 2017, the circuit court summarily denied Hays's PCR motion, finding it was not well taken. Hays did not file a timely notice of appeal.

Nonetheless, in September 2017, Hays filed a second PCR motion, making the same and additional assertions. The circuit court summarily dismissed Hays's second PCR motion, finding it was barred as an impermissible successive writ.

*Hays v. State*, 282 So. 3d 714, 716 (¶¶2-4) (Miss. Ct. App. 2019) (footnotes omitted). Following Hays's appeal from the dismissal of his second PCR motion, this Court found that his motion was successive and that he had failed to demonstrate an applicable exception to the procedural bar. *Id.* at 717 (¶8).

¶3. In March 2019, Hays filed his third—and current—PCR motion. In it, Hays asserted that (1) his guilty pleas were involuntary, (2) he received ineffective assistance of counsel, and (3) the State failed to prove he was a habitual offender. Aggrieved by the circuit court's denial of his third PCR motion, Hays appeals.

## STANDARD OF REVIEW

¶4. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Id.* at 716-17 (¶5) (quoting *Gunn v. State*, 248 So. 3d 937, 941 (¶15) (Miss. Ct. App. 2018)).

2

**DISCUSSION**

¶5.     When a movant pleads guilty to a crime, Mississippi's Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides that he has "three (3) years after entry of the judgment of conviction" to file his PCR motion. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). The UPCCRA further provides that "any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment" and "shall be a bar to a second or successive motion under this article." Miss. Code Ann. § 99-39-23(6) (Rev. 2015). Because Hays's current PCR motion is his third one and was filed over three years after his conviction, the motion is procedurally barred as both untimely and successive.

¶6.     Despite the procedural bars, Hays contends that his claims present exceptions. As discussed, Hays argues that (1) his guilty pleas were involuntary, (2) his trial attorney rendered ineffective assistance, and (3) the State failed to prove his habitual-offender status.

¶7.     As this Court explained while addressing the claims raised in Hays's prior appeal:

> Errors affecting certain fundamental rights are excepted from PCR procedural bars. Four types of fundamental rights have been expressly found to survive PCR procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws. But mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar. There must at least appear to be some basis for the truth of the claim before the procedural bar will be waived. Further, the movant bears the burden of proving an exception applies to the UPCCRA's procedural bars.

*Hays*, 282 So. 3d at 717 (¶7) (citations and internal quotation marks omitted). Our caselaw also recognizes that in "extraordinary circumstances," an ineffective-assistance-of-counsel claim may trigger an exception to the UPCCRA's procedural bars. *Brown v. State*, 187 So.

3

3d 667, 670-71 (¶7) (Miss. Ct. App. 2016) (quoting *Chapman v. State*, 167 So. 3d 1170, 1173-74 (¶¶10-13) (Miss. 2015)).

¶8. Although we ultimately conclude that Hays has failed to demonstrate any applicable exceptions to the UPCCRA's procedural bars, we address each of Hays's appellate arguments in turn.

### I. Guilty Pleas

¶9. Hays contends the circuit court erred by denying his current PCR motion without an evidentiary hearing on the voluntariness of his guilty pleas. According to Hays, he involuntarily pled guilty because his attorney misinformed him as to his parole eligibility.

¶10. "A voluntary guilty plea emanates from the defendant's informed consent." *Thinnes v. State*, 196 So. 3d 204, 208 (¶15) (Miss. Ct. App. 2016) (quoting *Readus v. State*, 837 So. 2d 209, 212 (¶9) (Miss. Ct. App. 2003)). A defendant's assertion that he pled guilty based on his attorney's incorrect advice "may vitiate the plea[] because it indicates the defendant may not have been fully aware of the consequences of the plea." *Id.* (quoting *Readus*, 837 So. 2d at 212 (¶9)). Although "[i]t is not a prerequisite to a voluntary plea that the defendant understand the nature of parole, his eligibility for parole, and the circumstances under which it may be granted[,]" our caselaw recognizes that "a plea is involuntary if a defendant is affirmatively misinformed regarding the possibility of parole and pleads guilty in reliance on the misinformation." *Id.* at 209 (¶17) (quoting *Mosley v. State*, 150 So. 3d 127, 136-37 (¶29) (Miss. Ct. App. 2014)). "The petitioner bears the burden of proving by a preponderance of the evidence that his plea was involuntarily entered." *Id.* at 208 (¶15) (quoting *Lackaye v.*

4

*State*, 166 So. 3d 560, 562 (¶7) (Miss. Ct. App. 2015)). As this Court has previously explained:

> [A] defendant has provided sufficient evidence showing that he was entitled to an evidentiary hearing on whether his plea was knowingly, intelligently, and voluntarily [entered] in cases where: the defendant alleged that he was given erroneous advice by his attorney as to his parole eligibility, the alleged misinformation went uncorrected (such as the failure to address the issue of parole during the plea hearing), and the defendant provided evidence other than his own sworn statement (such as a sworn affidavit from a third party) in support of his allegation.

*Kennedy v. State*, 287 So. 3d 258, 266 (¶25) (Miss. Ct. App. 2019), *cert. denied*, 279 So. 3d 1087 (Miss. 2019).

¶11. Here, in support of his claim that he involuntarily pled guilty, Hays provided a statement of facts within his personal knowledge and two affidavits—the first from his sister, Felicia Hays Harris, and the second from his friend David Lemon. Neither Harris nor Lemon claimed they were present when Hays's trial attorney allegedly misinformed Hays about his parole eligibility. Harris stated, however, that Hays's attorney directly informed her that if Hays pled guilty to both counts in his indictment, he would not be charged as a habitual offender and would be eligible for parole after serving twenty-five percent of his sentences. Lemon stated that he was also present when Hays's attorney informed Harris about the plea deal and Hays's parole eligibility under the plea deal. Despite these supporting affidavits, the transcript of Hays's plea hearing directly contradicts his assertions that he involuntarily entered his pleas based on erroneous parole-eligibility advice. Even if Hays's attorney affirmatively misinformed him about his parole eligibility, the record reveals that the circuit court corrected any erroneous advice before accepting Hays's guilty pleas.

5

¶12. At the beginning of Hays's plea hearing, the State explained to the circuit court that as part of the plea agreement, Hays was pleading guilty as a non-violent habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015). The circuit court then asked Hays whether he was aware of this fact, and Hays responded that he was. After Hays's attorney informed the circuit court that he had discussed at length with Hays the terms and conditions of the plea agreement, the circuit court again clarified that Hays was pleading guilty to both indicted charges as a non-violent habitual offender under section 99-19-81. Hays's attorney answered affirmatively, and when the circuit court then asked Hays whether his attorney had reviewed the plea petition with him, Hays also responded affirmatively.

¶13. The circuit court proceeded to determine whether Hays understood the constitutional rights he waived by pleading guilty and whether he had been threatened or promised anything to induce his guilty pleas. After the State established a factual basis for Hays's habitual-offender status, the circuit court asked, "So as to Count 1, the charge of commercial burglary, and that's pleading as a[] habitual [offender] under [section] 81, how do you plead?" Hays responded, "Guilty." The circuit court then asked, "And as to Count 2, the charge of auto theft, pleading again as a[] habitual [offender] under [section] 99-19-81, how do you plead?" Hays once again responded, "Guilty."

¶14. Following his sentencing as a non-violent habitual offender on both charges, Hays asked the circuit court whether he would receive credit for time already served on the charges. The circuit court explained that he would but then asked whether Hays understood that he would not receive any supervised probation or early release of any type. Hays

6

affirmatively responded that he understood. The circuit court asked whether Hays had any other questions about his sentences, and Hays stated that he did not.

¶15. Thus, as the plea-hearing transcript demonstrates, the circuit court directly addressed throughout the proceedings that (1) Hays was pleading guilty to both charges as a non-violent habitual offender and that (2) he would therefore be ineligible for parole or early release. At all relevant times during the plea hearing, Hays indicated to the circuit court that he understood these facts. Because the plea-hearing transcript contradicts Hays's allegations regarding the involuntariness of his pleas, we find no error in the circuit court's denial of his PCR motion without an evidentiary hearing on this issue.

## II. Ineffective Assistance of Counsel

¶16. Hays also argues that he received ineffective assistance of counsel due to his attorney's misinformation regarding his eligibility for parole. To prove ineffective assistance, Hays must demonstrate that (1) his attorney's performance was deficient and (2) the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "In the context of a guilty plea, one must show counsel's errors proximately resulted in the guilty plea and, but for counsel's error, the defendant would not have entered the guilty plea." *Kennedy*, 287 So. 3d at 265 (¶21) (quoting *Moore v. State*, 248 So. 3d 845, 850 (¶14) (Miss. Ct. App. 2017)).

¶17. To overcome the UPCCRA's procedural bars, "[a] defendant's claims of ineffective assistance of counsel must be pled with specificity, and the claim must be supported by affidavits other than his own." *Id.* at (¶22) (quoting *Moore*, 248 So. 3d at 851 (¶15)). Here,

Hays provided two affidavits to support his ineffective-assistance claim. As discussed, however, the record directly contradicts Hays's claim that he pled guilty to both indictment charges in reliance on his attorney's allegedly erroneous advice regarding his parole eligibility. At various points during the plea hearing, the circuit court discussed and clarified Hays's habitual-offender status and parole ineligibility. In response to the circuit court's repeated questions, Hays indicated that he understood he was pleading guilty as a non-violent habitual offender under section 99-19-81 and would therefore be ineligible for parole or early release. In addition, Hays affirmed under oath that he had discussed with his attorney the State's evidence against him and the State's burden of proof at trial. He further confirmed that he was satisfied with the representation his attorney had provided.

¶18. Upon review, we find Hays has failed to prove either prong of his ineffective-assistance claim or that any "extraordinary circumstances" exist to overcome the UPCCRA's procedural bars. We therefore find this issue lacks merit.

### III. Habitual-Offender Status

¶19. In his final assignment of error, Hays asserts that the State failed to prove his habitual-offender status. As this Court recently explained, however, "[w]hen a defendant pleads guilty, [he] waive[s] any argument against habitual[-]offender status if [he] fail[s] to challenge the sufficiency or validity of prior felony convictions and sentences." *Nance v. State*, No. 2018-CP-01652-COA, 2020 WL 4436383, at *3 (¶27) (Miss. Ct. App. June 30, 2020), *petition for cert. filed* (Nov. 16, 2020); *see also Vanwey v. State*, 149 So. 3d 1023, 1024 (¶3) (Miss. 2014) (finding the defendant waived any contentions regarding "her

8

habitual-offender status when she failed to challenge the sufficiency or validity of her two prior felony convictions and sentences at her plea hearing and then voluntarily and intelligently entered her guilty plea to three counts of selling hydrocodone as a habitual offender"). Here, the record reflects that Hays raised no objection to the prior felony convictions the State used to prove his habitual-offender status. Moreover, as discussed, Hays voluntarily entered guilty pleas to each indicted charge.

¶20. After a grand jury indicted Hays, the State successfully moved to amend Hays's indictment to include his status as a habitual offender. At the start of Hays's plea hearing, the circuit court noted that the plea petition indicated Hays had at least four prior felony convictions. When the circuit court asked Hays whether that information was correct, Hays responded affirmatively. Also in response to the circuit court's questions, Hays confirmed that he understood he was pleading guilty to both indictment charges as a non-violent habitual offender under section 99-19-81. He further affirmed that he had reviewed the plea petition with his attorney, understood the petition, and signed the petition.

¶21. After the State provided a factual basis for each indicted charge, Hays avowed to the circuit court that he was guilty of each charge and that he therefore desired to plead guilty to both charges. Without any objections, the State also provided a factual basis for Hays's habitual-offender status that included two prior felony convictions from 2005 and 2010. When the circuit court asked Hays whether the information regarding the two prior felonies was correct, Hays again responded affirmatively. The circuit court then inquired whether Hays pled guilty to each indicted charge as a habitual offender under section 99-19-81, and

9

Hays answered that he did. After finding that Hays had knowingly, intelligently, and voluntarily pled guilty to each charge as a non-violent habitual offender, the circuit court sentenced Hays accordingly.

¶22. Based upon a review of the record and relevant caselaw, we conclude that Hays has waived his argument regarding the State's failure to prove his habitual-offender status. We therefore find this assignment of error lacks merit.

## CONCLUSION

¶23. Because Hays failed to demonstrate any exception to the UPCCRA's procedural bars, we affirm the circuit court's denial of his PCR motion.

¶24. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**