MCMILLIN, C.J., for the court.
¶ 1. Don Whitfield, a prisoner in the custody of the Mississippi Department of Corrections, has appealed from a decision of the Circuit Court of Winston County denying his motion for post-conviction relief. Whitfield claimed in his motion that his attorney had promised him that, if he pled guilty to two pending counts of selling cocaine, he would receive a sentence of twelve years with eight to serve and four suspended. Further, Whitfield alleges that his attorney told him he would need to *763 lie to the trial court during the plea acceptance hearing and deny that he had received any promises or representations as to what his sentence would be. Whitfield did, in fact, voluntarily plead guilty to the two counts and was sentenced to fourteen years on each count, with ten years to serve and four years suspended. Both sentences were to be served concurrently.
¶ 2. He asserted in his motion that this conduct by defense counsel denied him the effective representation of counsel that is his constitutional right under the Sixth Amendment to the Constitution of the United States. The circuit court, “[a]fter examining the Petitioner’s motion and plea transcript,” found it to be without merit and denied relief. Whitfield then perfected this appeal.
¶ 3. Whitfield places substantial reliance on the case of Sanders v. State, 440 So.2d 278 (Miss.1983), for the proposition that he was entitled to a hearing before the circuit court at which he would be offered the opportunity to prove the matters alleged in his motion. Were Sanders still the law, this argument might have merit. However, the Sanders decision predated the adoption in 1984 of the Mississippi Uniform Post-Conviction Collateral Relief Act codified in Sections 99-39-1 through 99-39-29 of the Mississippi Code. The procedures set out in that act are now the exclusive remedy available for relief of the sort sought by Whitfield. Wallace v. State, 763 So.2d 909 (¶¶ 14-15) (Miss.Ct.App.2000).
¶4. Under the Act, the movant must demonstrate through sworn pleadings or supporting affidavits that evidence exists in support of his allegations in order to be entitled to an evidentiary hearing. Miss.Code. Ann. §§ 99-39-11 and 99-39-19 (Rev.2000); Campbell v. State, 611 So.2d 209, 210 (Miss.1992). In determining whether the appropriate threshold showing of an evidentiary basis for the motion has been met, the Mississippi Supreme Court has specifically held that when the only sworn assertions in the nature of an affidavit are those of the prisoner himself and those assertions are:
overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary to the extent that the court can conclude that the affidavit is a sham no hearing is required.
Young v. State, 731 So.2d 1120 (¶ 10) (Miss.1999) (citations omitted).
¶ 5. Whitfield’s motion, alleging an act of duplicity on the part of his defense counsel, is supported by nothing beyond Whitfield’s own assertion. That assertion is “overwhelmingly belied” by Whitfield’s own testimony under oath at the plea hearing. Id. The circuit court acted properly in denying relief on the conclusion that Whitfield’s allegations under oath contradicted his earlier sworn testimony and were, therefore, a sham.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF APPEAL ARE ASSESSED TO WINSTON COUNTY.
KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.