986 So.2d 345 (2008)
Billy MILLS, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CA-00038-COA.
Court of Appeals of Mississippi.
June 24, 2008.
*346 Billy Mills, Jr., pro se.
Office of the Attorney General by W. Glenn Watts, for attorney for appellee.
EN BANC.
IRVING, J., for the Court.
¶ 1. Billy Mills, Jr., appeals the Lee County Circuit Court's summary dismissal of his motion for post-conviction relief. We find no error and affirm the trial court's dismissal of Mills's motion for post-conviction relief (PCR).

FACTS
¶ 2. On April 18, 2006, Mills was separately indicted in cause numbers CR05-504 and CR05-526 for selling cocaine on two occasions within fifteen hundred feet of a church. The State offered him a plea deal that he rejected. Mills then entered open pleas to each charge. Upon the entry of his guilty plea petition, the trial court conducted a plea qualification hearing and thereafter accepted Mills's pleas. The court then sentenced Mills to twenty years in the custody of the Mississippi Department of Corrections on each offense, with twelve years suspended and five years of post-release supervision, with the sentences running concurrently.
¶ 3. Four months after being sentenced, Mills filed a motion for post-conviction relief, challenging the validity of his two guilty pleas. He claimed that his pleas were involuntary for several reasons: (1) he received ineffective assistance of counsel; (2) he pleaded guilty out of fear of the narcotics officers; and (3) he was not read his Miranda rights upon arrest. Attached to the motion was an affidavit from Mills's sister, Phyllis Baldwin. The affidavit stated that Mills's attorney promised him that he would receive a maximum sentence of twenty-four months. After considering the motion, the trial court summarily dismissed it pursuant to Mississippi Code Annotated section 99-39-11 (Rev.2007). In its order of dismissal, the trial court specifically referenced Mills's claim of ineffective assistance of counsel and stated, "Petitioner cannot make a valid claim for ineffective assistance [of counsel] if the only proof he has concerning deficient performance of his counsel is his own statement." The trial court failed to mention anything about the attached affidavit from Baldwin.
¶ 4. Aggrieved by the summary dismissal of his motion for post-conviction relief, Mills appeals.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. Essentially, Mills makes three allegations of error on appeal: (1) whether excessive force was used during his arrest, (2) whether his plea was involuntary due to ineffective assistance of counsel, and (3) whether the arresting police officers failed to inform him of his Miranda rights.

I. Whether excessive force was used during Mills's arrest
¶ 6. Mills's first allegation of error is that the arresting police officers used excessive force. It appears that this particular allegation of error is essentially a tort claim and should not be placed in a PCR motion. A similar tort was defined in City of Jackson v. Powell, 917 So.2d 59, 72(¶ 47) (Miss.2005) (citing Williams v. Lee County Sheriff's Dep't., 744 So.2d 286, 297 (¶¶ 30-31) (Miss.1999)). There, the arresting officers continued to use force against the plaintiff after he had been subdued and handcuffed. Powell, 917 So.2d at 71(¶ 46). *347 Therefore, this allegation of error is without merit.

II. Whether Mills received ineffective assistance of counsel
¶ 7. Mills's second allegation of error is that his guilty plea was involuntary because his counsel promised him that he would receive a maximum sentence of twenty-four months imprisonment, which is a substantially lighter sentence than the one that he received. He goes on to state that had his attorney not made that promise, he would not have pleaded guilty and would have proceeded on to trial.
¶ 8. The our supreme court has held that "[t]o be enforceable, a guilty plea must emanate from the accused's informed consent." Myers v. State, 583 So.2d 174, 177 (Miss.1991). "An allegation that the defendant pled guilty in response to counsel's mistaken advice may vitiate the plea, because it indicates the defendant may not have been fully aware of the consequences of the plea." Readus v. State, 837 So.2d 209, 212(¶ 9) (Miss.Ct.App.2003). Specifically, "counsel's representation to [a] defendant that he will receive a specified minimal sentence may render a guilty plea involuntary." Myers, 583 So.2d at 177.
¶ 9. A review of the plea colloquy reveals that Mills's allegations in his PCR motion are belied by his sworn statements made during the plea colloquy. The trial court specifically asked Mills, "Has anyone forced you in any way, put any pressure on you, or promised you anything in order to get you to enter a plea of guilty?" Mills responded, "No, sir." Further, when the trial court asked if he was satisfied with the performance of his counsel, Mills responded, "Yes, sir." The record also reflects the following pertinent exchanges between the court and Mills:[1]
Q. Do you understand what you are charged with in this case?
A. Yes, Your Honor.
Q. Did you in fact commit that crime?
A. Yes, sir.
Q. In Cause No. CR05-526 it is alleged that you sold, transferred or distributed on April 11, 2005, a quantity of cocaine within fifteen hundred feet of athe Skyline Church building, Church of Christ.
Did you in fact commit this crime?
A. Yes, sir.
Q. Mr. Mills, in each case the maximum sentence, ordinarily, that could be imposed on you for selling cocaine is a term of 30 years and a one million dollar fine.
Do you understand that?
A. Yes, sir.
Q. In each of these cases you are charged under the enhancement statute, which enhances the maximum penalties that can be imposed by doubling those penalties if you are charged with the sale of a controlled substance, or in your case, cocaine, within fifteen hundred feet of a church building.
Do you understand that the charge as you have been indicted on is under the enhancement statute, and under that statute, the maximum sentence doubles to a term of 60 years in the penitentiary and a two million dollar fine?
A. Yes, sir.
Q. That is in each of these cases. Do you understand that?
A. (Defendant Mills nods).

*348 Q. Do you understand that the maximum sentence on each case is a term of 60 years in the penitentiary and a two million dollar fine?
A. Yes, sir.
Q. Do you understand the Court could sentence you to the maximum sentence of 60 years in each case and order those sentences to run consecutive, in other words, one after the other, and in effect give you a sentence of 120 years to serve?
A. Yes, sir.
Q. Mr. Mills, your plea of guilty is what is known as an open plea. There has been no recommendation by the State, by the district attorney, in your cases that you receive any particular sentence. Do you understand that?
A. Yes, sir.
Q. And do you understand that even if the State made such a recommendation in your cases, the Court would not be bound to follow their [sic] recommendation and could sentence you up to the maximum sentence in each case and order those sentences to run consecutive?
A. Yes, sir.
Q. Mr. Mills, were you expecting the district attorney to make a recommendation in your cases?
A. Not necessarily.
Q. What do you mean, not necessarily?
A. I didn't know if the State would do it on an open plea or not.
Q. Well, they do not on open pleas.
THE COURT: [Mills's attorney], did you and Mr. Mills expect the State to make a sentencing recommendation in his cases?
[MILLS'S ATTORNEY]: No, Your Honor. In fact, the State did. I ran that by my client. We counseled and conferred on it, and Mr. Mills was not satisfied with it, and decided to enter these pleas on an open plea basis.
* * * * * *
THE COURT: Also, [Mills's attorney], as to Mr. Mills, do you believe that he has understood your advice and that he is in fact entering his pleas of guilty to these two felony charges
[MILLS'S ATTORNEY]: Yes.
Q. Mr. [Mills], are you satisfied with the legal services and advice of your attorney?
A. Yes, sir.
* * * * * *
Q. And Mr. Mills, do you believe that your attorney has properly advised you before entering your two separate pleas of guilty and properly represented your best interest in these cases?

(Emphasis added).
A. Yes, sir.
Q. Mr. Mills, do you understand that you are about to enter pleas of guilty to two separate felony charges?
A. Yes, sir.
Q. Has there been anything about these proceedings that you have not understood? Mr. Mills?
A. No, sir.
* * * * * *
Q. Do you have any questions of your attorney at this time about anything to do with your case? If you do, we'll take a short break and let you speak with your attorney in private. Mr. Mills?
A. No, sir.
* * * * * *

*349 Q. Mr. Mills, in Lee County Circuit Court Cause No. CR05-504, as to the charge of the sale, transfer or distribution on April 8, 2005, of a quantity of cocaine, a Schedule II controlled substance, within fifteen hundred feet of a church building known as Skyline Church of Christ, do you plead guilty or not guilty?
A. Guilty.
Q. Mr. Mills, in Lee County Circuit Court Cause No. CR05-526, as to the charge of the sale, transfer or distribution on April 11, 2005, of a quantity of cocaine, a Schedule II controlled substance, within fifteen hundred feet of Skyline Church of Christ building, do you plead guilty or not guilty?
A. Guilty, Your Honor.
THE COURT: The Court finds that each of these defendants has knowingly, understandingly, freely and voluntarily entered his plea of guilty, or pleas of guilty in the case of Mr. Mills, that there is a factual basis for each plea of guilty offered on behalf of each of these defendants, and the plea or pleas of guilty of Mr. Kitchens, Mr. Burnham and Mr. Mills shall be, and the same are, hereby accepted by the Court, and the Court adjudges each of these individuals; Mr. Kitchens, Mr. Burnham and Mr. Mills guilty based on his plea or pleas of guilty.
* * * * * *
THE COURT: [Mills's attorney], do you have anything to add on behalf of Mr. Mills that you have not already informed the Court of in chambers in the presence of the district attorney?
[MILLS'S ATTORNEY]: Your Honor, very briefly. In addition to Mr. Mills'[s] medical problems, I would like to point out that he has had the benefit of a presentence investigation, and from what I understand, he has no prior convictions, that this is his first trouble on a felony basis. I have advised my client the dim view that the Court will take on sale charges, but I would ask the court to consider the least restrictive possible sentence available. Thank you.
(Emphasis added).
¶ 10. As stated, Mills contends that his lawyer promised him that he would receive a sentence of twenty-four months. However, based on the quoted passages from the plea transcript, it is clear that prior to pleading guilty, Mills knew that the judge could sentence him to 120 years in prison, notwithstanding anything that he may have been told to the contrary. It is also clear that Mills's lawyer advised him that the court would take a dim view of sale charges. We find that the statement by Mills's lawyer to the court during the plea qualification hearingthat he informed Mills that the court will take a dim view of sale chargesis sufficient to refute any allegation that the lawyer promised Mills that Mills would receive a maximum of two years in prison. It is inconsistent that Mills's lawyer believed that the court would take a dim view of individuals selling cocaine and at the same time advised his client that the court would impose a two-year sentence for Mills's offenses when the permissible punishment is sixty years per sale.
¶ 11. The dissent argues that Myers and Readus require that Mills be granted an evidentiary hearing on the allegations of his PCR motion because he attached an affidavit from his sister attesting the allegations of the motion. The dissent notes that in each case the PCR motion included an affidavit from one other than the movant and that the trial court in each case summarily dismissed the PCR motion, *350 finding that the allegations of the motions were contradicted by the sworn testimony made at the plea hearings. The dissent then points out that in each case the decision of the trial judge was reversed on appeal and that the case was remanded for an evidentiary hearing. While the dissent is correct that both cases were reversed for an evidentiary hearing, these cases are clearly distinguishable.
¶ 12. In Readus, this Court reversed the trial court and found that "Readus'[s] PCR state[d] a claim of ineffective assistance of counsel and require[d] an evidentiary hearing." Readus, 837 So.2d at 215(¶ 18). However, we also found that "[c]ounsel's alleged deficiency was not `cured' by the plea colloquy because the erroneous advice was not directly contradicted by the lower court's questioning." Id. at 214-15(¶ 18).
¶ 13. In Myers, the trial court dismissed Myers's PCR motion by order, stating simply: "It plainly appearing [sic] from the motion, exhibits, and prior proceedings in the case that the movant is not entitled to the relief and the motion should be dismissed." Myers, 583 So.2d at 175. In reversing the trial court, our supreme court said:
Myers has provided evidentiary facts and conclusory allegations, and he has provided them in sworn form. His complaint meets the pleadings requisites of the PCR Act.... [W]e must hold that Myers has stated a claim sufficient that the Circuit Court had no authority to dismiss it on its face.... [W]e ... hold that Myers'[s] complaint states a claim for relief such that he is entitled to proceed past the pleading stage.
Id. at 178. However, the Myers court further held: "Still, nothing said here should be taken to intimate any view on the merits, or even that Myers'[s] claim may survive summary judgment[,] only that Myers'[s] complaint may not be dismissed on its face." Id. (citations omitted) (emphasis added).
¶ 14. We find that the record in today's case contradicts Mills's assertion that his counsel promised him that he would receive a maximum sentence of twenty-four months' imprisonment, but even if such a promise had been made, the trial court, during the plea qualification hearing, made it clear that the court would not be bound by the promise.[2]

III. Whether police officers failed to inform Mills of his Miranda rights
¶ 15. Mills's last allegation of error is that the arresting police officers failed to inform him of his rights as laid out in Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, as the State accurately points out, a "guilty plea waives all non-jurisdictional rights or defects which are incident to trial." Parkman v. State, 953 So.2d 315, 318(¶ 12) (Miss.Ct.App.2007) (quoting Jones v. State, 747 So.2d 249, 251(¶ 8) (Miss.1999)). This generally includes "those rights secured by the Fifth, Sixth, and Fourteenth Amendments and their counterparts in the Mississippi Constitution." Parkman, 953 So.2d at 318(¶ 12) (citing Jones, 747 So.2d at 251(¶ 8)). *351 Therefore, Mills waived this allegation of error when he entered his guilty pleas.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
MYERS, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. KING, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, P.J.
KING, C.J., Dissenting.
¶ 17. I believe that the majority errs in denying Mills an evidentiary hearing on the issue of ineffective assistance of counsel. At this juncture, it is not the responsibility of this Court to rule on the merits of Mills's ineffective assistance of counsel claim. At this juncture, the sole responsibility of this Court is to determine whether Mills has made a threshold showing that is sufficient to earn him the opportunity to fully develop his claim in an evidentiary hearing before the trial court. I believe that Mills has met that threshold. Therefore, I would reverse the summary dismissal of his request for post-conviction relief and remand this case for an evidentiary hearing.
¶ 18. After Mills filed his motion for post-conviction relief, the trial court dismissed it citing Mississippi Code Annotated section 99-39-11 (Rev.2007) for support. The part of section 99-39-11 that addresses dismissals states, the trial court may summarily dismiss a motion for post-conviction relief "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss.Code Ann. § 99-39-11(2). The supreme court has held that our procedural posture after such a dismissal "is analogous to that when a defendant in a civil action moves to dismiss for failure to state a claim." Young v. State, 731 So.2d 1120, 1122(¶ 6) (Miss.1999) (quoting Myers v. State, 583 So.2d 174, 175-76 (Miss. 1991)). Therefore, "this Court reviews the record de novo to determine whether [Mills] has failed to demonstrate `a claim procedurally alive substantially showing denial of a state or federal right....'" Young, 731 So.2d at 1122(¶ 9) (quoting Myers, 583 So.2d at 176).
¶ 19. Mills alleges that his guilty plea was involuntary because his counsel promised him he would receive a maximum sentence of twenty-four months' imprisonment, which is a substantially lighter sentence than the sentence he received. He goes on to state that had his attorney not made that promise, he would not have pled guilty and would have proceeded on to trial.
¶ 20. The supreme court has held that "[t]o be enforceable, a guilty plea must emanate from the accused's informed consent." Myers, 583 So.2d at 177. "An allegation that the defendant pled guilty in response to counsel's mistaken advice may vitiate the plea, because it indicates the defendant may not have been fully aware of the consequences of the plea." Readus v. State, 837 So.2d 209, 212(¶ 9) (Miss.Ct. App.2003). Specifically, "counsel's representation to the defendant that he will receive a specified minimal sentence may render a guilty plea involuntary." Myers, 583 So.2d at 177.
¶ 21. After an analysis of the plea colloquy, it appears that Mills had a facially correct guilty plea. The trial court specifically asked Mills, "Has anyone forced you in any way, put any pressure on you, or promised you anything in order to get you *352 to enter a plea of guilty?" Mills responded, "No, sir." Further, when the trial court asked if he was satisfied with the performance of his counsel, he responded, "Yes, sir." However, our analysis should not end there.
¶ 22. In its order summarily dismissing Mills's motion for post-conviction relief, the trial court stated, "Petitioner cannot make a valid claim for ineffective assistance of counsel if the only proof he has concerning deficient performance of his counsel is his own statement." The trial court is correct that a motion for post-conviction relief may be dismissed for lack of supporting affidavits when the defendant's affidavit contradicts previously sworn statements. Young, 731 So.2d at 1123(¶ 12). However, Mills included more than just his own affidavit. He included the affidavit of Baldwin, his sister. Her sworn statement alleged that Mills's counsel promised that Mills would receive a twenty-four month maximum sentence if he pled guilty to the charges. Baldwin's affidavit stated:
I declare under penalty of perjury that I, Phyllis Baldwin, residing at ...; declares that on or about November 18, 2005, that said counsel, Attorney ..., counsel for my brother, Billy Mills, stated to me that my brother would receive 24 months maximum sentence if he pled guilty to said charges of sale of cocaine.
¶ 23. This case closely parallels the cases of Myers and Readus. Each case involved a motion for post-conviction relief filed after the entry of a guilty plea. Myers, 583 So.2d at 175; Readus, 837 So.2d at 211 (¶¶ 3-4). In their motions, each petitioner claimed that his attorney had made a firm representation that he would receive a sentence substantially lighter than the one he actually had received. Myers, 583 So.2d at 175; Readus, 837 So.2d at 212-13 (¶¶ 8-9). Likewise, they attached affidavits from family members that supported their assertions that counsel had promised shorter sentences. Myers, 583 So.2d at 177; Readus, 837 So.2d at 211(¶ 5). In each case, the trial court summarily dismissed the motions for post-conviction relief since the motions contradicted the sworn testimony made at the plea hearings. Myers, 583 So.2d at 175; Readus, 837 So.2d at 211-12(¶ 6). On appeal, these cases were reversed for an evidentiary hearing, as the supreme court in Myers and this Court in Readus found that the petitioners had sufficiently demonstrated a claim for relief from an involuntary plea and were entitled to proceed past the pleading stage. Myers, 583 So.2d at 178; Readus, 837 So.2d at 214(¶ 14).
¶ 24. While I express no opinion as to the merits of Mills's claim, I believe that Mills, like Myers and Readus, has presented enough proof to overcome the trial court's summary dismissal and should be afforded an evidentiary hearing and the opportunity to fully develop his claim.
¶ 25. The State asserts that the twenty-four-month sentence was invalid for the crime with which Mills was charged. The State alleges that Mills could have received a minimum sentence of three years' imprisonment up to a maximum of life imprisonment for each crime charged, and that Mills would have been informed of this at his plea hearing. The State would be correct about the applicable sentence if Mississippi Code Annotated section 41-29-142(2) (Rev.2005) applied to this case. However, the State is referencing the wrong portion of the enhancement statute under which Mills was charged.
¶ 26. To be convicted under section 41-29-142(2), the defendant must have previously been convicted of violating section 41-29-142(1). However, no evidence was presented that Mills previously had been convicted under this enhancement statute. *353 Therefore, section 41-29-142(1) would apply. It provides the trial court with the discretion to sentence Mills up to double the maximum sentence provided in Mississippi Code Annotated section 41-29-139(b) (Rev.2005). According to this subsection, the trial court could have sentenced Mills to anywhere from zero to sixty years of imprisonment and a minimum fine of $5,000 up to a maximum fine of $2,000,000. Miss.Code Ann. § 41-29-142(1). That range would allow for the sentence that Mills insists he was promised.
¶ 27. The majority would hold that the plea colloquy was sufficient to dispel any belief by Mills that he would receive a twenty-four-month sentence. I believe that position is inconsistent with this Court's holding in Readus and is not supported by the record before this Court. The majority argues that the statements of Mills's attorney during the plea hearing regarding the judge's view of drug cases were sufficient to refute Mills's assertion that he was promised a sentence of twenty-four months. The specific statement by Mills's attorney was, "I have advised my client the dim view that the Court will take on sale charges, but I would ask the court to consider the least restrictive possible sentence available." The majority can take and parse this statement as many different times and in as many different ways that it wishes, but after having done so, one simple fact will remain: that statement in no way contradicts or refutes Mills's assertion that his attorney promised him a sentence of twenty-four months. Indeed, if one looks at that portion of the statement, which says, "but I would ask the court to consider the least restrictive possible sentence available," and reads it in conjunction with Mills's sworn statement that his attorney advised him to go along with the judge's questions to get the twenty-four-month sentence, it is equally plausible, if not more so, to read that as supporting Mills's claim. There is absolutely nothing in the plea colloquy which addresses and refutes Mills's claim that his attorney promised him a twenty-four-month sentence.
¶ 28. In his sworn petition, as grounds for relief, Mills alleges, "That Petitioner pled guilty to said charge at the advice of counsel that he would receive a 24 month sentence.... [and][t]hat Petitioner's Attorney,..., [provided] ineffective assistance of counsel as a matter of law[.]"
¶ 29. In listing the facts within his knowledge, Mills stated these pertinent facts:
5. Petitioner will state that counsel advised him to go along with the questions the Judge would ask to receive the 24 month sentence.
6. Petitioner will state that counsel represented to his sister Phyllis Baldwin as well as other whom a[sic] affidavit have not been obtained from other than his sister that he would receive a 24 month sentence.
7. Petitioner will state despite of representing at the sentencing hearing that he had a[sic] understanding of the circumstances as well as the court was not binded [sic] by any agreement etc. He was promise [sic] a sentence of 24 months.
¶ 30. Mills further asserts, "Petitioner states that he would have insisted on going to trial had he known that the attorney had mis-led him and his family about the sentence he would receive."
¶ 31. Just as Readus's plea petition was facially correct, so too was Mills's plea petition facially correct. Readus, 837 So.2d at 213(¶ 10). Just as Readus's affidavit made very specific allegations as to counsel's actions, so too does the affidavit of Mills. Id. at 214(¶ 18). Just as the Readus plea colloquy was facially correct, *354 while not addressing the assertions of Readus, so too is the Mills plea colloquy facially correct while not addressing the assertions of Mills. Id. at 214-15(¶ 18). Just as the Readus case required an evidentiary hearing to address the assertions of Readus, so too does this case require an evidentiary hearing to address the assertions of Mills. Id. at 215(¶ 18).
¶ 32. A careful reading of the Court's opinion, as well as the Court's file in Readus, clearly indicates that Mills's case is not distinguishable from Readus. Therefore, I would reverse the trial court's summary dismissal and remand this case for an evidentiary hearing.
LEE, P.J., JOINS THIS OPINION.
NOTES
[1] The trial judge conducted a single plea qualification hearing for multiple defendants. For clarity, we have redacted passages not related to Mills.
[2] The trial court did not specifically question Mills about any promises allegedly made to him by his attorney. However, the court advised Mills that if the district attorney had made a recommendation (no recommendation was made, as Mills entered an open plea), the court would not be bound by it. It is inconceivable that Mills could believe that the court would be bound by a sentencing recommendation made by his defense counsel when the court would not be bound by a sentencing recommendation made by the district attorney.