MYERS, P.J.,
for the Court.
¶ 1. Alonzo Derell Blackmore appeals the Warren County Circuit Court’s denial of his motion for post-conviction relief, Blackmore argues that the circuit court erred in denying his post-conviction motion for relief without an evidentiary hearing.' Further, Blackmore argues that his guilty plea was entered involuntarily and without the benefit of effective assistance of coun *394 sel. Finding no error in the decision of the trial court, we affirm the denial of Blackmore’s motion for post-conviction relief.
DISCUSSION
¶ 2. A trial court’s finding of fact in post-conviction-relief cases will not be overturned by an appellate court unless found to be clearly erroneous. Hill v. State, 940 So.2d 972, 973(¶ 3) (Miss.Ct.App.2006) (citing Boyd v. State, 926 So.2d 233, 235(¶ 2) (Miss.Ct.App.2005)). However, questions of law are reviewed de novo. Id.
I. Necessity of an Evidentiary Hearing
¶3. Blackmore argues that he was entitled to an evidentiary hearing on his motion for post-conviction relief. If, after a trial court’s complete review of the record, the court finds that it is clear that there is no entitlement to relief, the judge may enter an order dismissing the action without an evidentiary hearing. Caston v. State, 949 So.2d 852, 855(¶ 5) (Miss.Ct.App.2007) (citing Miss.Code Ann. § 99-39-11(2) (Rev.2000)). “A post-conviction claim for relief is properly dismissed without the benefit of an evidentiary hearing where it is manifestly without merit.” Caston, 949 So.2d at 855(¶ 5) (citing Robertson v. State, 669 So.2d 11, 13 (Miss.1996)).
¶4. In his motion for post-conviction relief to the circuit court, Blackmore alleged that: the information was defective, his plea was involuntary, and he received ineffective assistance of counsel. The circuit court found that Blackmore’s motion failed to state any actionable claim under the Mississippi Uniform Post-Conviction Collateral Relief Act and denied relief. Our review of the record reveals the same. Therefore, Blackmore was not entitled to an evidentiary hearing.
II. Voluntariness of Plea
¶ 5. Blackmore argues that he involuntarily entered his guilty plea to culpable-negligence manslaughter. He submits that he did not understand that he was waiving his right to trial and that his counsel was ineffective for failing to advise him prior to waiving his right to a jury trial.
¶ 6. We are to review claims regarding the voluntariness of a plea under the clearly erroneous standard. Wilcher v. State, 921 So.2d 400, 401(¶ 3) (Miss.Ct.App.2006). Further, in order to demonstrate that his guilty plea was involuntary, the burden of proof rests with “the prisoner [to show] by a preponderance of the evidence that he is entitled.” Miss.Code Ann. Section 99-39-23(7)-(2007).
¶ 7. Blackmore was charged with the felony of culpable-negligence manslaughter. He executed a sworn waiver of indictment as to that felony, and then he pleaded guilty. There is no support in the record for Blackmore’s allegation that he did not knowingly enter the guilty plea, nor is there any indication in the record that he was denied effective assistance of counsel. Therefore, we find this issue to be without merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.