CARLTON, J.,
dissenting:
¶27. I respectfully dissent from the majority’s opinion. I would affirm the summary dismissal by the trial court.
¶ 28. Where the appellant asserts counsel gave faulty advice preceding the plea hearing, “the error is cured if the defendant unequivocally is given the correct information and indicates his understanding of it during the hearing itself.” Henderson v. State, 769 So.2d 210, 214 (¶ 12) (Miss.Ct.App.2000).[4] The trial court may summarily dismiss a motion for post-conviction relief (PCR) if it plainly appears from the face of the motion, any annexed exhibits, and the prior proceedings that the movant is not entitled to relief. Miss. Code Ann. § 99-89-11(2) (Supp.2012).
¶ 29. To prove ineffective assistance of counsel, Sylvester must show deficient performance by his counsel utilizing an objective standard, and he must also show, but for counsel’s professional errors, the result would have been different. Hannah v. State, 943 So.2d 20, 24 (¶ 6) (Miss.2006) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The burden of proof is upon Sylvester, the petitioner. See McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). The affidavits submitted by Sylvester fail to overcome the presumption of verity that applies to his sworn testimony in court at his plea hearing as quoted from the plea-hearing transcript by the trial court in its order of dismissal. The record fails to contain Sylvester’s entire guilty-plea colloquy, but the trial court’s opinion and order quotes from the transcript at length. In its order of dismissal, the trial court also provided that during the plea hearing, the court informed Sylvester of the sentences authorized for the offenses to which he was pleading guilty. In the plea-hearing transcript, as quoted in the trial court’s order, Sylvester acknowledged that he understood the minimum and maximum sentences and that the trial court was not bound by any recommendations of the State or the district attorney. Sylvester also told the court that no one told him that the trial court would be lighter on him if he pled guilty.
¶ 30. The affidavit of Sylvester’s sister fails to provide sufficient support for Sylvester’s claim since she was not privy to Sylvester’s conversation with his attorney regarding advice on his plea. Her affidavit avers what she claims Sylvester’s counsel told her in a telephone call, not anything she witnessed counsel telling Sylvester. See Higginbotham v. State, 114 So.3d 9, at 15-16 (¶ 20) (Miss.Ct.App. 2012) (rehearing denied Feb. 26, 2013). Therefore, Sylvester failed to show sufficient evidence of deficient performance by counsel to warrant an evidentiary hearing, and in so failing, did not prove by a pre *626 ponderance of the evidence the first prong of Strickland, which is necessary to show ineffective assistance of counsel. Sylvester acknowledged under oath in his plea colloquy, as quoted at great length in the order of dismissal by the trial court, that he understood the punishment for the offenses to which he pled, and that the trial court was not bound by any recommendation by the State or the district attorney. Solemn declarations in open court carry a strong presumption of verity. Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); Baker v. State, 358 So.2d 401, 403 (Miss.1978).
¶ 31. To succeed on an ineffective-assistance-of-counsel claim, the petitioner must also show prejudice. See Underwood v. State, 919 So.2d 931, 937 (¶ 13) (Miss.2005) (if claim of ineffective assistance of counsel fails on either the deficiency or prejudice prongs, then the claim fails); Mason v. State, 42 So.3d 629, 633 (¶ 11) (Miss.Ct. App.2010) (finding that movant must show that counsel’s unprofessional errors were of substantial gravity and also that, without these errors, petitioner reasonably would not have pled guilty based upon the evidence).
¶ 32. In Mills v. State, 986 So.2d 345, 350-51 (¶¶ 14-15) (Miss.Ct.App.2008), this Court affirmed the summary dismissal of a PCR motion, despite the affidavit of Mills’s sister. In affirming, Mills distinguished both Myers v. State, 583 So.2d 174 (Miss. 1991), and Readus v. State, 837 So.2d 209 (Miss.Ct.App.2003), and I find the Mills analysis instructive in distinguishing those cases from the instant case. Mills, 986 So.2d at 350 (¶¶ 12-13). The Mills Court distinguished Myers, acknowledging that, in Myers, the PCR motion was supported by the affidavits of Myers’s mother and sister, who both attested to being present with Myers when he received erroneous advice by his lawyer. Id. at 349-50 (¶¶ 11, 13). In contrast, in Mills, the affidavit of Mills’s sister, like the affidavit of Sylvester’s sister, reflected that she was not present when Mills’s lawyer allegedly erroneously advised him. Also, the plea-colloquy questions by the trial court cured any defect in Mills. See id. at 350 (¶ 14). Readus is also distinguishable from Mills and the instant case, since upon review, the Court in Readus found that the plea-colloquy questions by the trial court failed to cure the alleged erroneous advice of counsel, and the Readus opinion also reflected that Readus’s mother met with his lawyer at the plea hearing, where he withdrew his initial plea and then entered an open plea, with the sentencing hearing held later that day. Readus, 837 So.2d at 211-14 (¶¶4,14).
¶ 33. Salter v. State, 64 So.3d 514, 518 (¶ 15) (Miss.Ct.App.2010), fails to support the majority opinion since in Salter, this Court affirmed the summary dismissal of Salter’s PCR motion wherein he alleged ineffective assistance of counsel, claiming he received erroneous legal advice about parole and earned-time release. Since Salter filed his PCR motion more than three years after his conviction and sentence, this Court found his petition time-barred. Id. at (¶ 14). The Salter opinion found Salter’s claim not excepted from the three-year statutory filing period as a violation of a fundamental constitutional right. Id. In addressing Sylvester’s claims, the majority relies on dicta in the Salter opinion providing hypothetical conjecture of what this Court would have done if Salter had raised the issue timely in a PCR motion. See id. at 517-18 (¶¶ 11-14).
¶ 34. The trial court’s opinion summarily dismissing Sylvester’s petition reflects that any erroneous advice was cured by the questioning by the trial court during the plea colloquy upon entry of Sylvester’s guilty plea. The opinion also reflects that his sister lacked personal knowledge of the *627 interview between Sylvester and his counsel regarding advice on his plea since she was not present for any such conversation between them. Her affidavit only attests to what she alleges she was told, and Sylvester’s plea colloquy, as set forth in the trial court’s order, contradicts her assertions. As acknowledged, the plea colloquy cures any alleged erroneous advice and reflects that Sylvester understood the correct minimum and maximum sentences; had not been promised any lesser sentence for his guilty plea; had not been threatened to plead guilty; and was satisfied with counsel’s representation of him. Based upon the foregoing, I submit that the trial court properly summarily dismissed Sylvester’s PCR motion.[5] Therefore, I respectfully dissent from the majority’s opinion.
JAMES, J., JOINS THIS OPINION.

. The order of conviction provides that Sylvester was convicted of drive-by shooting under Mississippi Code Annotated section 97-3-109 (Rev.2006) and aggravated assault under Mississippi Code Annotated section 97-3-7(2) (Supp.2012) after being advised of his constitutional rights and the consequences of his guilty plea. Sylvester was indicted on four counts but pled guilty to the two counts mentioned.

. See Avant v. State, 55 So.3d 1115, 1122 (¶ 20) (Miss.Ct.App.2010) (presumption that counsel’s representation was competent); Blackmore v. State, 988 So.2d 393, 394 (¶¶ 3-4) (Miss.Ct.App.2008); Dennis v. State, 873 So.2d 1045, 1048 (¶ 7) (Miss.Ct.App.2004) (plea petition showed defendant knew minimum and maximum sentences, and therefore trial judge’s failure to advise defendant of possible sentencing range constituted harmless error); Whitfield v. State, 845 So.2d 762, 763 (¶ 4) (Miss.Ct.App.2003) (addressing determination of whether petitioner met threshold showing of an evidentiary basis); Wilson v. State, 760 So.2d 862, 864 (¶ 5) (Miss.Ct. App.2000) (trial court may disregard petitioner’s assertions where substantially contradicted by court record of proceedings that culminated in guilty plea). See' also Miss.Code Ann. § 99-39-11(2).